IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH ORONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2193-N-BN |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this lawsuit that Chief United States District Judge David C. Godbey has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 12, Defendant QuickTrip Corporation ("QT") moves for summary judgment on Plaintiff Deborah Orona's claims and, in the alternative, to dismiss Orona's claims for want of prosecution, *see* Dkt. Nos. 24 & 25.

Now proceeding *pro se* after the Court allowed her counsel to withdraw and administratively closed this case for 90 days to allow her an opportunity to obtain new counsel, which she did not, *see* Dkt. Nos. 8-11, 17, & 20, Orona failed to respond to the summary judgment motion, and the deadline to do so has expired, *see* Dkt. No. 26.

For the reasons and to the extent explained below, the Court should remand this lawsuit for lack of subject matter jurisdiction.

**Discussion**

QT moves for summary judgment on Orona's claims.

But, since QT removed this lawsuit under 28 U.S.C. § 1332, it is the party invoking the Court's diversity subject-matter jurisdiction. *See* Dkt. No. 1 at 1 ("[D]iversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties: (1) Plaintiff is a citizen of Texas; (2) Defendant is a citizen of the State of Oklahoma; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (footnote omitted)).

And, so, "[a]t the summary judgment stage," QT first "must provide evidence sufficient to support a jury finding of the citizenship of each" party, *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *see, e.g.*, *Labrew v. A&K Truckline, Inc.*, ___ F. Supp. 3d ____, No. 2:23-cv-79-BR, 2025 WL 634736, at *2-*3 (N.D. Tex. Feb. 27, 2015), as the Court further explained in the October 30, 2024 supplement to the amended scheduling order, discussing this requirement as framed by recent decisions of the United States Court of Appeals for the Fifth Circuit, *see generally* Dkt. No. 23.

Advised of this requirement in advance of its moving for summary judgment on December 5, 2024, QT filed a brief and appendix in support of its motion, but the brief makes no arguments related to the citizenships of the parties. Nor, more importantly, does QT's appendix provide sufficient evidence to support a jury finding as to the parties' citizenships.

Included in QT's appendix, the operative complaint (Orona's state court petition) alleges that she "is an individual residing in Dallas County, Texas." Dkt. No. 25-2 at 7. QT pointed to this allegation as proof of Orona's citizenship in its notice of

removal. *See* Dkt. No. 1 at 2.

Also included in the appendix are discovery responses by Orona, through which she provides a Texas driver's license number and a Dallas, Texas address. *See* Dkt. No. 25-2 at 71.

And, as to its own citizenship, QT asserts in the notice (also included in the summary judgment appendix) that it "is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma." Dkt. No. 1 at 2; Dkt. No. 25-2 at 15.

The Fifth Circuit has "stated that it 'see[s] no reason why, for purposes of resolution of [a] motion for summary judgment,' courts 'cannot treat the factual allegations of the complaint as admissions or stipulations.'" *Golden Spread Cooperative, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 360 F. Supp. 3d 494, 504-05 & n.7 (N.D. Tex. 2019) (quoting *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195 (5th Cir. 1988)).

So, at summary judgment, QT may rely on Orona's factual allegations – but it may not rely on its own – as evidence sufficient to support a jury finding as to a party's citizenship. *See Welsh v. Correct Care Recovery Solutions*, No. 5:18-cv-20-BQ, 2022 WL 10676598, at *6 n.9 (N.D. Tex. Sept. 30, 2022) ("Welsh's Amended Complaint is not verified. The Court therefore cannot consider it as competent summary judgment evidence supporting Welsh's claims. The Court may, however, 'for purposes of resolution of the motion for summary judgment only, ... treat the factual allegations of [Welsh's] complaint as admissions' against him." (quoting *Isquith*, 847 F.2d at

195)); *Wells Fargo Bank, N.A. v. Guevara*, No. 3:10-cv-545-F, 2010 WL 5824040, at *3 (N.D. Tex. Aug. 18, 2010) ("[A] plaintiff's allegations in a complaint may generally be used by a defendant as admissions.").

And, so, QT has provided the Court no evidence of its citizenship where all that is before the Court are QT's own allegations as to its citizenship. *Cf. Bank of Am., N.A. v. Ztar Mobile, Inc.*, No. 3:23-cv-826-BN, 2025 WL 642052 (N.D. Tex. Feb. 27, 2025) ("BANA responded to the October 30 order with evidence – a true and correct copy of its articles of association [Dkt. No. 65-1] and Ztar's articles of incorporation filed with the Texas Secretary of State [Dkt. No. 65-3] – that the Court finds sufficient to support jury findings as to its and Ztar's citizenships (North Carolina and Texas (and possibly Delaware), respectively)." (citations omitted)).

As to Orona, the only admissions that could serve as evidence of her citizenship are that she resides (or resided) in Dallas, Texas and has (or had) a Texas driver's license.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citations omitted).

So, "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam). Nor would an admission (or evidence) of residency alone satisfy QT's burden at summary judgment.

But QT's evidence to establish Orona's citizenship/domicile does take one step past an admission of residency. That is,

> [i]n *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

But possession of a driver's license is just one factor, as explained above, and the mere admission that Orona possessed a driver's license in Texas is not enough to establish a litigant's domicile, where domicile "imports permanent residence in a particular state with the intention of remaining." *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012) (per curiam) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)); *see, e.g.*, *Certified Pressure Testing, LLC v. Markel Am. Ins. Co.*, No. 3:20-cv-2783-S, 2021 WL 674124, at *5 (N.D. Tex. Feb. 21, 2021) ("White's driver's license, certificate of driving record, and voter registration do not establish that White lived in Louisiana with the requisite intent to remain in Louisiana during the relevant time period." (citation omitted)).

So, in sum, no evidence provided by QT is sufficient to support a jury finding as to the parties' citizenships.

And, because QT has not met its burden to establish the Court's subject matter jurisdiction, the Court should not take up its motion for summary judgment. *See*

*United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023) ("[J]urisdiction matters," as it's "the power to say what the law is.").

Instead, since the record before the Court fails to even include plausible allegations as to Orona's citizenship (not residence), the Court should conclude that QT has failed to show that there is federal subject-matter jurisdiction and remand this lawsuit where the removal statute "declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original; quoting 28 U.S.C. § 1447(c)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019) ("Citizenship issues, like every factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." (cleaned up)).

### Recommendation

The Court should remand this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE